| | |
|---|---|
| 1 | Russell Brown |
| 2 | CHAPTER 13 TRUSTEE |
|   | Suite 800 |
| 3 | 3838 North Central Avenue |
|   | Phoenix, Arizona 85012-1965 |
| 4 | 602.277.8996 |
|   | Fax 602.253.8346 |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| MARK GREGORY BYERS, | Case No. 2-13-bk-7763 DPC |
| and | **TRUSTEE'S RECOMMENDATION** |
| JULIE ANNE BYERS, | |
| Debtors. | May 19, 2014 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) Wells Fargo Bank and Ashland Ranch Community Assoc. have filed objections to the Plan. The attorney for the Debtor(s) must notify the Trustee in writing if the objections are resolved or, if they are unresolved, file the appropriate motions to get the Court to hold hearings on the objections. If resolution of the objections changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

(2) The principal amount to be paid to Bank of the West should be reduced to the amount stated in the creditor's proof of claim, to be paid at the rate of interest stated in the Plan, as agreed with the creditor, or per Court order.

(3) Debtor's pay stubs reflect commission income which is not incorporated into the average monthly gross income. If the Debtor does not wish to incorporate the bonus income into the plan payments, the Debtor may include language in the Confirmation Order which requires that he turn over **all** commission income for the duration of the Plan to the Trustee as supplemental payments and provide documentation to verify all commission income received for the year.

(4) The Joint Debtor's net income listed on Schedule I is understated by approximately $400.00 per month. The Trustee requires that the Debtor provide copies of two recent consecutive pay stubs to verify her current monthly income.

(5) The Debtor's Schedule I discloses a payroll deduction for the repayment of a 401(k) loan. The Trustee requires documentation regarding the term of the loan, current loan balance and completion date. If installment payments cease prior to completion of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly.

(6) The Trustee objects to the student loans payment on Schedule J in the amount of $52.00 per month as preferential treatment within a class of creditors. Schedule J must be amended to remove the student loan expense. The Debtor's plan payment should immediately increase by $52.00 per month effective with the payment due May 7, 2014.

(7) The Trustee objects to Debtors scheduled expense for Charitable Contributions as excessive and undocumented. The Trustee requires Debtors provide documented evidence for the past 12 months to justify this expense. Where the documentation fails to support the scheduled

- 2 -

expense, the Trustee will require an Amended Schedule J and plan payments to increase accordingly.

(8) The Trustee conditionally objects to the attorney fees requested in the Plan. The fee application in the Plan fails to provide for all services (other than representation in adversary proceedings) listed in paragraph (F)(1) of the Attorney Application for Payment of Attorney Fees. The fee amount is to be adjusted or appropriate language in the Order Confirming Plan is to state that all services listed in paragraph (F)(1), except for adversary proceedings, are included in the flat fee amount.

(9) Pursuant to the terms of the Stipulation for Entry of Judgment Declaring Debt Not Dischargeable in Adv. No.: 2:13-AP-00933-DPC, the Trustee requests the Order Confirming state that creditor, Eagle Produce, shall receive no distribution through the Chapter 13 Plan.

(10) Trustee requests a copy of the 2013 federal and state income tax returns, along with **all** attachments, forms, schedules and statements. and the turnover of any net 2013 tax refunds to be applied as supplemental payments to the plan.

(11)  Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket.  L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2013 - 2015 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

1  (j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by the deadline Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

Debtor(s) Mailer:
MARK GREGORY BYERS
JULIE ANNE BYERS
2192 SO. NIELSON STREET
GILBERT, AZ 85295

Attorney Mailer
AMBER L. GUYMON
633 E. RAY ROAD
SUITE 134
GILBERT, AZ 85296-
bankruptcy.law29@gmail.com

_____
*cgates@ch13bk.com*